OPINION OF THE COURT
JORDAN, Circuit Judge.
Jermaine Chatman appeals from an order from the United States District Court for the Western District of Pennsylvania denying his motion to suppress physical evidence. Because Chatman has failed to preserve certain arguments before the District Court, and because the District Court otherwise properly denied Chat-man’s motion to suppress, we will affirm.[1]
I. Background
On May 4, 2004, Jermaine Chatman was charged in a three-count indictment for possession with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (“Count 1”), possession with intent to distribute less than 50 kilograms of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (“Count 2”), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(l)(A)(I) (“Count 3”). The indictment resulted from *659 a search of Chatman’s residence five months earlier.

A. The Search Warrant

On December 3, 2003, the Allegheny County Police presented a sworn affidavit to District Justice James Hanley, Jr., of Pennsylvania Magisterial District Court 05-2-36, in support of a search warrant for 321 Johnston Street in Hazelwood, Pennsylvania, and for the persons of Jermaine and Brandon Chatman.[2] The affidavit included factual assertions of probable cause from a confidential information (“Cl”) identified as “Voodoo,” who described in detail the heroin sales that the Chatman brothers had been conducting out of their home. Voodoo recounted the brothers’ physical appearance, offered details about the heroin they sold, and indicated that, from personal observation within the last 48 hours, he[3] knew that “both brothers [were] in possession of heroin in excess of five bricks----” (App. at A31.) The affidavit alleged that Voodoo had demonstrated reliability and trustworthiness by previously giving the officers information that led to the arrest and conviction of two other individuals in 1996. In addition, two detectives with the Allegheny police department corroborated Voodoo’s information, attesting that they were aware of the Chatman brothers’ “dealing of heroin AND crack in Hazelwood on a daily basis.” (App. at A32 (emphasis on original).) On those facts, the district justice granted the warrant, finding probable cause for the police to conduct the search.
The next day, on December 4, 2003, detectives executed the search warrant and discovered, among other things, 112 bags of heroin, additional bricks and bags of heroin, several bags of marijuana, large amounts of cash, and various weapons. Chatman was found in possession of a loaded 9 mm pistol.

B. Motion to Suppress

On March 16, 2008, Chatman filed several pre-trial motions, the relevant one of which is, for present purposes, his motion to suppress physical evidence obtained during the December 4 search. The motion to suppress included the following contentions:
4. [The] search warrant was obtained via the alleged reliability of an anonymous Cl — named Voodoo;
5. The Government concludes Voodoo is reliable due to information provided to Investigators in the past that led to convictions — specifically—two cases in 1996 against C. Lapen and W.R. Hall;
6. [Defense] counsel is unable to locate a 1996 case against W.R. Hall to properly research the reliability of the information given to law enforcement due, in part, to the lack of the full name listed in the affidavit of probable case;
7. In fact the ujsportal website [sic] reveals no case in 1996 where the Defendant’s last name was “Hall”, first initial “W” in 1996 in Allegheny County;
8. The past reliability is stale due to the seven (7) years between the alleged accurate information in 1996 and the instant investigation;
9. Voodoo may not have been used by law enforcement for seven (7) years due to credibility concerns;
(App. at A38.)
On April 9, 2008, the Government filed a response to Chatman’s motion to suppress *660 and gave the full names and details of conviction for the two cases in which Voodoo had previously served as a Cl. The government also contended that there is no legal support for Chatman’s “staleness of the Cl” argument, and it argued that Voodoo’s “fresh ... extremely detailed, and corroborated” information sufficiently demonstrated his reliability.[4] (App. at A45 n. 2.)
The District Court denied the motion to suppress, concluding that “the information contained in the affidavit presented to the district justice provided a substantial basis for concluding that a search would uncover drug-related evidence in the defendant’s residence.” (App. at All.) Chatman voiced no objection to the adequacy of the District Court’s ruling, nor to the Court’s disposition of the motion to suppress without a hearing.

C. Guilty Plea

Chatman subsequently pled guilty to Counts 1 and 8 of the indictment. He was sentenced to 93 months of imprisonment (33 months for Count 1 and 60 months for Count 3), followed by a three-year term of supervised release as to both Counts 1 and 3. to be served concurrently, and he filed a timely notice of appeal.
II. Discussion[5]
Chatman argues that the District Court erred in denying his motion to suppress and in failing to hold a hearing on the motion. (Appellant’s Op. Br. at 12.) It appears that he is attempting to raise a Franks[6] challenge on appeal, arguing that the police affiant knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions in the affidavit of probable cause.
“It is well settled that arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances.” United States v. Lockett, 406 F.3d 207, 212 (3d Cir.2005). See also Brown v. Philip Moms Inc., 250 F.3d 789, 799 (3d Cir.2001) (same).
More specifically, we have held that, “in the context of a motion to suppress, a defendant must have advanced substantially the same theories of suppression in the district court as he or she seeks to rely on in this Court.” Lockett, 406 F.3d at 212; see also United States v. Neu-mann, 887 F.2d 880, 886 (8th Cir.1989) (“[Bjecause the ground for suppression urged on appeal was neither presented to nor ruled upon by the trial court, we decline to review Neumann’s challenge to the warrant.”). Similarly, Federal Rule of *661 Criminal Procedure 12(e) provides that “[a] party waives any [pretrial] defense, objection, or request not raised.... ” Fed. R.Crim.P. 12(e).
Although Chatman contends that he preserved his right to raise a Franks challenge in his March 16, 2008 motion to suppress, that motion, as presented to the District Court, was grounded exclusively on the reliability of Voodoo as a Cl, and on Chatman’s belief that Voodoo’s reliability required further substantiation. Nowhere in his motion to suppress or supporting papers did Chatman challenge the truthfulness of the substance of Voodoo’s information (which included details about the Chatman brothers’ drug operation, their residence, and their physical appearance) or suggest that the affiant knew that Voodoo’s information was false. Nor did Chatman request a Franks hearing. The argument was simply that the Cl was unreliable because his information was stale and unsubstantiated.
By advancing a new theory on appeal, Chatman is attempting to do precisely what our precedent forbids. Having failed in the District Court to raise the issue of Voodoo’s veracity or to request a Franks hearing, Chatman cannot raise those arguments now.[7]
To the extent that Chatman continues to argue, as he did below, that the affidavits submitted in support of the search warrant did not contain facts sufficient to establish probable cause, we hold that the District Court was correct when it held that “the information contained in the affidavit ... provided a substantial basis for concluding that a search would uncover drug-related evidence in the defendant’s residence.” (App. at All.)
III. Conclusion
Because Chatman failed to preserve his arguments based on Franks, and because the District Court properly denied Chat-man’s motion to suppress, we will affirm the denial of the motion and the judgment of conviction and sentence.

. The Notice of Appeal states that Chatman "appeals ... from the order imposing sentence....” It is clear, however, that all of defendant’s argument is directed to the suppression ruling. We affirm both the suppression ruling and the judgment of conviction and sentence.

. Jermaine Chatman's brother, Brandon Chatman, was also indicted on Counts 1 and 2. Court records indicate that Brandon Chat-man pled guilty to Count 1 pursuant to a plea agreement. He has not filed an appeal. All references to “Chatman” refer to Jermaine Chatman, not Brandon Chatman.

. We use the masculine pronoun for convenience only. It is not clear whether "Voodoo” is a man or a woman.

. The government also argued that even if the court were to conclude that probable cause was insufficient, suppression should be denied on the basis of the good-faith exception.

. The District Court had jurisdiction to hear this case under 18 U.S.C. § 3231. We have appellate jurisdiction over the final decision of the District Court pursuant to 28 U.S.C. § 1291. We review a District Court’s decision about whether to hold an evidentiary hearing on a motion to suppress under an abuse of discretion standard. United States v. Jihad, 159 Fed.Appx. 367, 368 (3d Cir.2005). We review a District Court’s denial of a motion to suppress for clear error as to die underlying factual findings, and we exercise plenary review as to the District Court’s application of the law to those facts. United States v. Perez, 280 F.3d 318, 336 (3d Cir.2002).

.In Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court held that where a defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause,” a hearing must be held upon the defendant's request. Id. at 155-56, 98 S.Ct. 2674.

. The government alternatively argued that the waiver provision contained in Chatman’s plea agreement also bars the present appeal. As part of his plea agreement, Chatman agreed to waive his right to appeal, subject to enumerated exceptions, including one allowing him to take a direct appeal of the “the denial of the Motion to Suppress.... ” (App. at A50.) During the change of plea hearing, the District Court explicitly advised Chatman of his waiver of the right to appeal and of the narrow exceptions to that waiver. The Court again advised Chatman of his waiver and its exceptions at the sentencing hearing held on August 7, 2008. Because we find that Chat-man failed to preserve the Franks issues for appeal, we need not address whether they fall within the explicit appellate waiver provision in the plea agreement Chatman negotiated with the government.