**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4721

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT CHARLES WASHINGTON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-03-329)

Submitted:  March 18, 2005          Decided:  April 1, 2005

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jill E. M. HaLevi, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellee.  J. Strom Thurmond, Jr., United
States Attorney, Alston C. Badger, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert Charles Washington, Jr. pled guilty to possession of a firearm by a person previously convicted of a felony, 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000), and possession of a firearm during and in relation to a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A)(i) (2000).  The district court sentenced Washington to 102 months' imprisonment, consisting of a forty-two-month sentence on the § 922(g) offense, and a consecutive sixty-month term on the § 924(c) offense.  The district court also specified an identical alternative sentence of 102 months pursuant to this court's recommendation in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), opinion issued by 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), cert. granted and judgment vacated, 125 S. Ct. 1051 (2005).

Washington appealed, challenging the constitutionality of the federal sentencing scheme in light of the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). Washington specifically challenges the determination of his offense level under the guidelines by reference to a prior conviction as a conviction for a controlled substance offense.  The case was held in abeyance pending the decision in United States v. Booker, 125 S. Ct. 738 (2005).  That opinion has now issued and applied the Court's reasoning in Blakely to the federal sentencing guidelines.

We conclude that, because the alternative sentence the district court pronounced in case the federal sentencing guidelines were invalidated was identical to the mandatory sentence imposed under the federal sentencing guidelines as they existed at that time, any error resulting from the sentence imposed by the district court was harmless. See Booker, 125 S. Ct. at 769. Accordingly, we affirm Washington's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED