**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4796

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID PASCHELL SHABAZZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (CR-03-315)

Submitted: April 25, 2005                Decided: May 4, 2005

Before LUTTIG, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Paschell Shabazz pled guilty without a plea agreement to being a felon in possession of a firearm under 18 U.S.C. § 922(g). Shabazz was sentenced to 96 months imprisonment followed by three years of supervised release. The district court also specified, pursuant to this court's recommendation in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), opinion issued by 381 F.3d 316, 353-54 (4th Cir.) (en banc), cert. granted and judgment vacated, 125 S. Ct. 1051 (2005), an identical alternative sentence if the guidelines were not mandatory.

On appeal, Shabazz cites Blakely v. Washington, 124 S. Ct. 2531 (2004),[*] for the proposition that the court erred in finding that an enhancement to the base offense level (for having at least two prior felony convictions of either a crime of violence or a controlled substance offense) applied to his case. We find that this judicial finding falls within the prior conviction exception, and, accordingly, there is no error. See Booker, 125 S. Ct. at 750-51; Apprendi v. New Jersey, 530 U.S. 466, 476 (2000).

We further find that because the alternative sentence the district court pronounced (in the event the federal sentencing guidelines were invalidated) was identical to the mandatory sentence imposed under the federal sentencing guidelines as they

---

[*]Shabazz filed his opening brief shortly before the decision in United States v. Booker, 125 S. Ct. 738 (2005), issued. We consider his appeal in light of Booker.

- 2 -

existed at that time, any error resulting from the sentence imposed by the district court was harmless. Accordingly, we affirm Shabazz's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED