**UNITED STATES of America**

v.

**Jaheed HILL Appellant**

No. 04–3904.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) and Third Circuit I.O.P. 10.6 April 7, 2005.

Filed: June 14, 2005.

Lisa Van Hoeck, Esq., Assistant Federal Public Defender, Trenton, NJ, Counsel for Appellant Jaheed Hill.

George S. Leone, Esq., Office of United States Attorney, Newark, Glenn J. Moramarco, Esq., Assistant U.S. Attorney, Camden Federal Bldg. & Courthouse, Camden, NJ, Counsel for Appellee United States of America.

Before: RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

OPINION OF THE COURT

VAN ANTWERPEN, Circuit Judge.

Jaheed Hill ("Appellant") was sentenced to a term of imprisonment of 90 months and three years supervised release by the United States District Court for the District of New Jersey after pleading guilty to one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & (2). He appealed this sentence, arguing that in light of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), his sentence must be vacated and the matter remanded for re-sentencing. Following the release of the Supreme Court's decision in *United States v. Booker*, 543 U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Appellant also filed a Motion for Summary Action pursuant to Third Circuit Internal Operating Procedure 10.6, requesting summary remand. We now affirm the sentence of the District Court and deny Appellant's summary remand motion.

■■■ At his sentencing hearing, Appellant urged the District Court to hold the Sentencing Guidelines unconstitutional pursuant to the Supreme Court's holding in *Blakely*. The District Court stated it would await further developments before holding that the Guidelines unconstitutional, choosing instead to apply the Guidelines to Appellant's sentence.[1] However, the District Court also issued an alternative sentence per our instructions in *United States v. Dickerson*, 381 F.3d 251, 260 n. 9 (3d Cir.2004). Specifically, the District Court stated:

> In rendering this sentence I will, of course, follow the suggestion of various cases since *Blakely*, and I will base my sentence, whatever it turns out to be, I'll base it, alternatively, on an indeterminate sentencing scheme.

■■■ It is clear that the District Court believed Appellant's sentence was justified both, and alternatively, by the Sentencing Guidelines and under an indeterminate sentencing scheme. Although in *United States v. Davis* we expressed no view on the impact of alternative sentences, 407 F.3d 162, 166 (3d Cir.2005), we now join several of our sister circuits and conclude that where, as here, a District Court clearly indicates that an alternative sentence would be identical to the sentence imposed under the Guidelines, any error that may attach to a defendant's sentence under *Booker* is harmless. *See United States v. Antonakopoulos*, 399 F.3d 68, 81 (1st Cir. 2005); *see also United States v. Thompson*, 403 F.3d 533, 535 (8th Cir.2005); *United States v. Paladino*, 401 F.3d 471, 482 (7th Cir.2005); *United States v. Marcussen*, 403 F.3d 982, 985 (8th Cir.2005).[2] We therefore deny Appellant's motion, and since Appellant has not raised any issues on appeal other than those we have dis-

---

1. Appellant's sentence was based solely on his criminal history and the factual stipulations contained in his plea agreement. His enhanced sentence therefore implicates no Sixth Amendment violation. *See United States v. Ordaz*, 398 F.3d 236, 240 (3d Cir.2005) (rejecting the argument that the facts of prior convictions should have been submitted to a jury); *see also Booker*, 125 S.Ct. at 756 ("Any fact ... necessary to support a sentence exceeding the maximum authorized by the facts ... must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

2. We also note that our position is in accord with the view of the Fourth Circuit, which has been expressed in a series of unpublished opinions. *See United States v. Shabazz*, 127 Fed.Appx. 662 (4th Cir.2005); *see also United States v. Martinez*, 127 Fed.Appx. 107 (4th Cir.2005); *United States v. Washington*, 124 Fed.Appx. 809 (4th Cir.2005); *United States v. Anderson*, 124 Fed.Appx. 211 (4th Cir.2005).

cussed, we will affirm the sentence of the District Court.