

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2005

# USA v. Mazzuca

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Mazzuca" (2005). *2005 Decisions.* Paper 804.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/804

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3381

_____

UNITED STATES OF AMERICA

v.

NANCY MAZZUCA,
                                        Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim No. 03-cr-00661 )
District Judge:   Honorable Harvey Bartle, III

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 15, 2005
Before:   SLOVITER, McKEE and WEIS, Circuit Judges.
(Filed:  July 20, 2005)

_____

OPINION

_____

WEIS, Circuit Judge.

        Defendant was convicted on counts of perjury and obstruction of justice in

the District Court and a sentence of 15 months incarceration was  imposed by the trial

judge.  The sentence was calculated according to the Sentencing Guidelines.

1

Shortly before sentence was imposed, the United States Supreme Court decided Blakely v. Washington, ___ U.S. ___ (2004), 124 S.Ct. 2531 (2004), in an opinion which cast doubt on the validity of the Guidelines. Recognizing the uncertainty in the sentencing area, the Assistant United States Attorney called the District Court's attention to the possibility that Blakely might be applicable. The trial judge responded:

> "My sentence, in this case, would be exactly the same. I've already stated that, should the obstruction of justice adjustment not be applicable, either because I am wrong about the law, or because Blakely would affect it, we would then be in offense level 12, and the range for offense level 12 is 10 to 16 months for someone in Ms. Mazzuca's situation, that has no criminal history points, and my sentence would still be 15 months in prison.
>
> "[U.S. Attorney]: And then, likewise, Your Honor, just for the record, assuming that the Guidelines were found completely unconstitutional and Your Honor had complete discretion, would the sentence then be the same?
>
> "The Court: The sentence would be 15 months." (App. 584a-85a)."

The question whether we should remand a case like this for resentencing in accordance with United States v. Booker, ____ U.S. ___, 125 S.Ct. 738 (2005), was decided in United States v. Hill, No. 04-3904, 2005 WL 1389113 (3d Cir. June 15, 2005). There, we said: "we now join several of our sister circuits and conclude that where, as

2

here, a District Court clearly indicates that an alternative sentence would be identical to the sentence imposed under the Guidelines, any error that may attach to a defendant's sentence under <u>Booker</u> is harmless." <u>Hill</u>, No. 04-3904, 2005 WL 1389113, at *1.

Accordingly, we will affirm the Judgment and Sentence.