

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-19-2005

# Gorko v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2660

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gorko v. USA" (2005). *2005 Decisions.* Paper 671.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/671

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2660
_____

DR. JOSEPH A. GORKO, JR.,
                                              Appellant,

vs.

UNITED STATES OF AMERICA;
RONNIE HOLT, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00956)
District Judge: Honorable James F. McClure, Jr.
_____

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 29, 2005
Before: CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES
(Filed August 19, 2005)
_____

OPINION
_____

PER CURIAM.

Appellant Dr. Joseph A. Gorko, Jr. was convicted in United States District

Court for the Middle District of Pennsylvania of multiple counts of mailing threatening

communications in violation of 18 U.S.C. § 876.  He was sentenced to a total term of

1

imprisonment of 97 months, to be followed by three years of supervised release. His direct appeal of the conviction and sentence is currently pending in this Court at United States v. Gorko, C.A. Nos. 03-1597 & 04-4142.

Although his direct appeal remains pending, Gorko filed a petition for writ of habeas corpus in the Middle District, although not before the sentencing court. Gorko sought immediate release, contending that his sentence was based on several enhancements, and the enhancements were the result of judicial fact-finding. The petition was grounded on the United States Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (U.S. 2004), and United States v. Booker, 125 S. Ct. 738 (U.S. 2005). Blakely held that the State of Washington's determinate sentencing scheme violated the Sixth Amendment right to a jury trial insofar as a judge may find facts, and then enhance a sentence, upon the less stringent preponderance of the evidence standard. Id. at 2538. Booker, which applied the Blakely rule to the federal sentencing guidelines, held that, because the guidelines allowed judges to find facts that lead to a greater sentence than that authorized by the facts established by a plea of guilty or a jury verdict, they were not mandatory. Booker, 125 S. Ct. at 756.

The District Court dismissed the habeas petition on the basis that Gorko's direct appeal is pending, a motion to vacate sentence under 28 U.S.C. § 2255 is the exclusive means for mounting a collateral challenge to a conviction and sentence, and Booker is not retroactively applicable to cases on collateral review. Gorko appeals. The

2

parties were notified that we might act summarily to affirm the District Court's order, and invited to, and did, submit responses.

We will summarily affirm the order of the District Court denying Gorko's petition for writ of habeas corpus under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. The habeas petition cannot proceed for the reasons given by the District Court. A motion to vacate sentence under 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence, see Application of Galante, 473 F.2d 1164, 1165 (3d Cir. 1971), and we recently held in Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), that the rule announced in Booker is a new rule of constitutional procedure that is not retroactively applicable to cases on collateral review. Gorko may pursue his Booker arguments on direct appeal to the extent permissible. See United States v. Davis, 407 F.3d 162 (3d Cir. 2005), and United States v. Hill, — F.3d — , 2005 WL 1389113 (3d Cir. June 14, 2005).

We will summarily affirm the order of the District Court dismissing the habeas corpus petition.