

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-25-2005

# USA v. Rodriguez

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3327

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Rodriguez" (2005). *2005 Decisions*. Paper 354.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/354

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3327

UNITED STATES OF AMERICA,

v.

ANTHONY RODRIGUEZ,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 03-cr-00284)
District Judge: Hon. Michael M. Baylson

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 18, 2005

BEFORE: SCIRICA, Chief Judge, VAN ANTWERPEN and COWEN, Circuit Judges

(Filed:   October 25, 2005)

OPINION

COWEN, Circuit Judge.

Anthony Rodriguez appeals the District Court's order denying his motion for a

mistrial on the basis that there was no jury misconduct.  Rodriguez contends that the

1

District Court abused its discretion by refusing to voir dire the jury during deliberations after Lenny Patton (Juror #2) advised the Court that at least half of the jury had expressed their opinion that Rodriguez was guilty prior to the trial. He also appeals his sentence, arguing that it was illegally increased based solely on judicial fact finding in violation of *Blakely v. Washington*, 526 U.S. 296 (2004). We have jurisdiction pursuant to 28 U.S.C. § 1291, and will affirm the conviction, but will reverse the sentence and remand for re-sentencing in accordance with *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

As we write solely for the parties, we only provide a brief recitation of the facts. Rodriguez was indicted on the following charges: possession and distribution of phencyclidine ("PCP") and marijuana, distribution of narcotics within 1,000 feet of a school, carrying a firearm during a trafficking crime, and possession of a firearm by a convicted felon. The trial was bifurcated so that no mention was made of the possession of a firearm by a convicted felon charge until the jury returned a verdict as to all other charges.

Shortly after deliberations commenced on the first seven counts, the jury foreperson sent a note asking that a juror be excused and replaced with an alternate. During further examination, Juror Patton advised the court that he refused to participate in jury deliberation because he believed that many jurors had pre-determined Rodriguez's guilt. The Court discharged Juror Patton and reminded the remaining eleven jurors of

2

their obligations as jurors before they resumed deliberations. The jury found Rodriguez guilty of the first seven counts. After a brief hearing, the jury also found Rodriguez guilty of the possession of a firearm by a convicted felon count.

During the sentencing hearing, the District Court ruled that Rodriguez was subject to a two-level enhancement for possessing a firearm with an obliterated serial number. Rodriguez was sentenced to a total of 120 months imprisonment, consisting of 60 months on Counts Two to Eight and an additional 60 months on Count One, to run consecutively. At sentencing, the District Court stated that it would have imposed an identical sentence on Rodriguez whether the Guidelines were mandatory or not. (App. 218-19.)"

We review a district court's investigation of juror misconduct and its denial of a mistrial on such basis for abuse of discretion. *See United States v. Resko*, 3 F.3d 684, 688 (3d Cir. 1993). We "accord great deference to the trial judge's wide discretion in using voir dire to determine the presence or absence of prejudice." *Government of the Virgin Islands v. Dowling*, 814 F.2d 134, 137 (3d Cir. 1987) ("the trial judge develops a relationship with the jury during the course of a trial that places him or her in a far better position than an appellate court to measure what a given situation requires.")

## I. *Jury Misconduct*

We have held that the proper procedure for a district court to follow when juror misconduct has been alleged is first, to determine whether the misconduct actually occurred and then, to determine whether the misconduct, if any, is prejudicial. *See Resko*,

3

3 F.3d at 691. If there are no grounds for a new trial, the district court should state the reasons supporting its findings. *Id.*

Rodriguez argues that his right to a fair trial before an impartial jury was violated when the District Court refused to voir dire the jury to determine if there was any jury misconduct as Juror Patton had alleged. Citing *Resko*, he contends that this Court has consistently held that a trial judge abuses his discretion where he fails to conduct a sufficient voir dire of the jurors accused of misconduct to determine whether the defendant was prejudiced by the alleged misconduct. He further asserts that the judge's cautionary instruction failed to cure the underlying problem of alleged misconduct and cannot substitute for the requested voir dire. We disagree.

The trial judge has discretion to determine "[w]hether and to what extent a juror should be questioned regarding the circumstances of a need to be excused." *United States v. Reese*, 33 F.3d 166, 173 (2d Cir. 1994). As this Court has indicated, "'[t]he more speculative or unsubstantiated the allegation of misconduct, the less the burden to investigate.'" *United States v. Bertoli*, 40 F.3d 1384, 1395 (3d Cir. 1994) (quoting *United States v. Caldwell*, 776 F.2d 989, 998 (11th Cir. 1985)). Further, in determining whether to voir dire the entire jury, the trial court must "balance the potential benefits of further investigation against the possible harm of calling attention to a relatively minor situation about which the other jurors may have been unaware." *Id*. We must accord deference to the trial court's balancing because we, "as an appellate tribunal, are in a poor position to

4

evaluate these competing considerations; we have only an insentient record before us."

*Id*. (internal quotation marks and citations omitted).

Here, the trial judge questioned Juror Patton about his refusal to deliberate and his allegation of jury misconduct. Juror Patton explained that he would not participate in the deliberations because the jurors had made up their minds. However, Patton did not provide any evidence or details to support his allegations of jury misconduct. After questioning and observing this juror, the District Court determined that he was not "a credible source for anything," particularly in light of the fact that he violated his oath by refusing to deliberate. (App. at 164.) Because credibility determinations are within the sound discretion of the trial court, we find that the District Court did not abuse its discretion in deeming Juror Patton incredible.

Refusing to accept Juror Patton's description of the situation, the District Court determined that it was not necessary to voir dire the remaining jurors in order to inquire further into the disingenuous allegations of misconduct. After dismissing Juror Patton, the trial judge repeated cautionary instructions to the remainder of the jury to remind them of their obligations. We find that this determination was not an abuse of discretion. *See United States v. Clapps*, 732 F.2d 1148, 1151 (3d Cir. 1984) ("The trial court is obviously in a better position to observe the impact of premature jury discussions of guilt, and to make a considered judgment as to the effectiveness of a cautionary instruction.").

As Juror Patton's testimony was found to be incredible, the District Court did not

5

abuse its discretion by failing to voir dire the remaining jurors. *See United States v. Kelly*, 749 F.2d 1541 (11th Cir. 1985) (holding that the trial court did not abuse its discretion in refusing to question jurors as to their bias where the court found the testimony of a member of the venire panel stating that certain members of that panel who may have ended up on the jury were biased to be incredible and not worthy of belief); *see also Unites States v. Console*, 13 F.3d 641 (3d Cir. 1993) (deferring to the district court's conclusion that the juror alleging misconduct was not credible, this Court held that the district court was not required to conduct a jury inquiry because it had no reason to believe that the jurors had received prejudicial information); *United States v. Thorton*, 1 F.3d 149, 155 (3d Cir. 1993) (citing with approval *Grooms v. Wainwright*, 610 F.2d 344, 347 (5th Cir. 1980) ("The judge's decision whether to interrogate the jury about juror misconduct is within his sound discretion, especially when the alleged prejudice results from statements made by the jurors themselves, and not from media publicity or other outside influences."))

The cases cited by Rodriguez are not to the contrary and his reliance on them is misplaced. As an example, in *United States v. Resko*, 3 F.3d 684, 694 (3d Cir. 1993), the District Court discovered "unequivocal proof of jury misconduct" during the trial. *Id.* at 690. The court's use of a cursory questionnaire as the method of determining if there was any misconduct "raised more questions than it answered." *Id.* The Third Circuit held that "given the discovery that the jurors had all engaged in premature discussions of the case,

6

we conclude that this method was inadequate to enable the court to fulfill its responsibility of providing an appropriate cautionary instruction and of determining whether prejudice resulted from the jury misconduct." *Id.* at 691. Unlike in *Resko*, the District Court in the instant case did not have unequivocal proof of any misconduct. The only source for the alleged misconduct was found not to be credible.

Because the District Court had no proof that the remaining jurors had committed misconduct, the refusal to conduct voir dire or declare a mistrial was not an abuse of discretion.

## II. *Sentence*

Rodriguez also appeals his sentence under *Blakely v. Washington*, 526 U.S. 296 (2004), and challenges specifically the use of judicial fact finding to enhance his sentence based on an obliterated serial number on the gun in his possession. He contends that there were no admissions, nor any jury findings beyond a reasonable doubt regarding the obliteration. Because Rodriguez was sentenced before the Supreme Court's decision in *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), his case comes within the ambit of our en banc decision in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005). Because the trial judge states on the record that he would have imposed an identical sentence on Rodriguez regardless of whether the Guidelines were mandatory or not, any error that may have attached to his sentence under *Booker* is harmless and we will affirm the sentence pursuant to *United States v. Hill*, 411 F.3d 425 (3d. Cir. 2005).

7

For the foregoing reasons, the judgment of the District Court entered on August 26, 2004 will be affirmed.