

Villanova University School of Law

Opinions of the United
States Court of Appeals
for the Third Circuit

2006 Decisions

3-14-2006

# USA v. Leach

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3041

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Leach" (2006). *2006 Decisions*. Paper 1442.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1442

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3041

———

UNITED STATES OF AMERICA

v.

FREDERICK LEACH,
a/k/a
FL,
a/k/a
LITTLE RED

FREDERICK LEACH,

Appellant

———

ON APPEAL FROM FINAL JUDGMENT OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 02-172-14)

District Judge: The Honorable Stewart Dalzell

———

Submitted pursuant to LAR 34.1(a)
on March 2, 2006.

Before: SLOVITER and FUENTES, <u>Circuit Judges</u>, and RESTANI, <u>Judge</u>[*]

(Filed: March 14, 2006)

---

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of International
Trade, sitting by designation.

_____

OPINION OF THE COURT
_____

Fuentes, <u>Circuit Judge</u>.

Counsel for Frederick Leach has filed a motion to withdraw as appellate counsel in this case and has submitted a brief in support thereof pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Counsel argues that there are no non-frivolous issues that can be raised on appeal by Leach. Leach was provided with a copy of the motion and the brief and was given notice that he could file a pro se brief, which he has not done.

On the morning he was to begin his trial in a thirty-seven-defendant drug conspiracy prosecution, Leach pleaded guilty to conspiracy to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base in violation of 21 U.S.C. § 846, possession with the intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), and possession with the intent to deliver cocaine base within 1000 feet of a school in violation of 21 U.S.C. § 860. Leach did not enter into any stipulations regarding the amount of the drugs. The probation department and the Government calculated the base offense level for the offense as forty. (U.S.S.G. §§ 2D1.1, 2D1.2.) Two levels were added for carrying a firearm during the conspiracy, and two levels subtracted for acceptance of responsibility. (U.S.S.G. §§ 2D1.1(b)(1), 3E1.1(a).) Leach's criminal history category was four. The United States Sentencing Guidelines (the "Sentencing Guidelines") ranges for Leach were therefore 360 months to life

2

imprisonment.

At sentencing, however, the District Court applied the Supreme Court decision in Blakely v. Washington, 542 U.S. 296 (2004) to the Sentencing Guidelines. (Appendix to Brief of Appellant ("App.") at 10-18.) Accordingly, the District Court imposed a sentence that included no enhancements to which Leach had not, by admission, agreed. The sentenced resulted in an offense level of thirty-four, rather than forty, and a criminal history category of three. (Id. at 17-18.) As a result, Leach's sentencing range was 188-235 months. The District Court concluded that, under the Sentencing Guidelines, it would sentence Leach to 188 months because of his remorse and his minor role in the conspiracy. (Id. at 18.) However, based on the Supreme Court's holding in Blakely, the District Court concluded that the Supreme Court would soon find that the Sentencing Guidelines to be, at best, advisory rather than mandatory. (Id. at 14-17.) The District Court therefore formulated a "non-Guidelines alternative sentence" of 188 months, again based on Leach's remorse and his minor role in the conspiracy. (Id. at 18.)

To the extent that Leach's appeal is based on defects in his guilty plea, we find no non-frivolous issues exist. Leach made his guilty plea knowingly and voluntarily. The District Court carefully explained to Leach his rights and the ramifications of entering a guilty plea. (Id. at 39-43.) The District Court ensured that Leach understood the charges against him and the penalties that he might face for pleading guilty to them, and determined that Leach had discussed these issues with his counsel and was satisfied with the assistance he received from his counsel. (Id.) Accordingly, the record demonstrates

3

that Leach made a knowing, intelligent, and voluntary plea. United States v. Tannis, 942 F.2d 196, 197 (3d Cir. 1991).

Although Leach has not requested resentencing, to the extent that Leach's appeal is based on his sentence in light of the Supreme Court's subsequent decision in United States v. Booker, 543 U.S. 220 (2005), we find no non-frivolous issues. We have held that, where "a District Court clearly indicates that an alternative sentence would be identical to the sentence imposed under the Guidelines, any error that may attach to a defendant's sentence under Booker is harmless." United States v. Hill, 411 F.3d 425, 426 (3d Cir. 2005). Because the District Court here clearly considered the possibility that the Sentencing Guidelines would be held unconstitutional and explicitly provided that, under such a holding, it would provide an identical sentence, there is no need to remand for resentencing.

Because we find no non-frivolous issues, the District Court's judgment is affirmed. Counsel's motion to withdraw pursuant to Anders is hereby granted.