

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2006

# USA v. Reece

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3294

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Reece" (2006). *2006 Decisions*. Paper 1404.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1404

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3294

UNITED STATES OF AMERICA

v.

VERNON REECE,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 04-cr-00226)
District Judge: Honorable Garrett E. Brown, Jr.)

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2006

Before:  RENDELL and AMBRO, <u>Circuit</u> <u>Judges</u>,
and SHAPIRO, <u>District</u> <u>Judge</u>*

(Filed:  March 22, 2006)

OPINION OF THE COURT

---

* Honorable Norma L Shapiro, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

In a plea agreement dated January 20, 2004, Vernon Reece pled guilty to conspiracy to distribute and possess with intent to distribute more than 100 kilograms of marijuana. In his plea agreement, Reece stipulated to a base offense level of 26. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(7). Furthermore, Reece stipulated that he "was an organizer, leader, manager, or supervisor of the relevant criminal activity," which, pursuant to § 3B1.1(c) of the Sentencing Guidelines, resulted in a two-level increase in Reece's base offense level. The government agreed it would not seek an upward adjustment for possession of a firearm, see U.S.S.G. Manual § 2D1.1(b)(1), and agreed additionally that Reece's acceptance of responsibility merited a two-level downward departure, see U.S.S.G. § 3B1.1(a). The government also agreed that Reece was entitled to a one-level downward departure pursuant to § 3E1.1(b) of the Sentencing Guidelines. Reece's plea agreement did not include a waiver of his right to appeal his sentence.

After Reece pled guilty but before sentencing, the Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004). The District Court acknowledged Blakely, stating that "using the guidelines to guide [its] discretion," rather than as mandatory, "the sentence would not be different from the one that [it] would impose under the [G]uidelines." The District Court sentenced Reece to 65 months imprisonment, applying the two-level enhancement and three-level downward departure to a base offense level of 26. After Reece's sentencing, the Supreme Court decided United States v. Booker, 128

2

S. Ct. 738 (2005), declaring the Sentencing Guidelines advisory.

On appeal, Reece argues that the two-level upward adjustment to which he stipulated – and that the District Court applied in sentencing – for acting as an "organizer, leader, manager, or supervisor of the relevant criminal activity" violated his Sixth Amendment rights under Blakely and Booker. Reece asserts that the District Court must determine whether he would have pled guilty in light of Blakely and whether the two-level enhancement for his role in the offense must be determined by a jury. In Blakely, the Supreme Court stated that "[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." 542 U.S. at 310. Moreover, in United States v. Cianci, 154 F.3d 106, 110 (3d Cir. 1998), we stated that the defendant could not "renege on his agreement" by challenging on appeal an enhancement that the defendant stipulated to in the plea agreement. See also United States v. Melendez, 55 F.3d 130 (3d Cir. 1995) (barring defendant from disputing stipulation regarding sentencing range). Furthermore, in United States v. Lockett, 406 F.3d 207 (3d Cir. 2005), we refused to invalidate a defendant's sentence on the grounds that he did not know at the time of his guilty plea that the Supreme Court would later declare the Sentencing Guidelines advisory. Rather, we noted that "[t]he possibility of a favorable change in law occurring after a plea agreement is merely one of the risks that accompanies a guilty plea." Id. at 214. Because Reece stipulated to the facts underlying the two-level enhancement of his sentence in the plea agreement, remanding his sentence to the District Court for

3

reconsideration pursuant to <u>Blakely</u> is unnecessary.

Additionally, Reece contends that this court should evaluate the reasonableness of his sentence in light of <u>Booker</u> , even if the two-level enhancement applies. The government asserts that our holding in <u>Lockett</u> renders the plea agreement stipulations binding, and that our decision in <u>United States v. Hill</u>, 411 F.3d 425 (3d Cir. 2005), makes remanding the case to the District Court for reconsideration of Reece's sentence in light of <u>Booker</u> unnecessary. In <u>United States v. Davis</u>, 407 F.3d 162 (3d Cir. 2005), we held that defendants sentenced under the previously mandatory Sentencing Guidelines should have their sentences remanded to the District Court for resentencing in light of <u>Booker</u>. However, in <u>Hill</u>, we clarified that where a district court clearly indicates that an alternative sentence would be identical to the sentence imposed under the Sentencing Guidelines, any error that may attach to a defendant's sentence under <u>Booker</u> is harmless. Therefore, because the District Court indicated that it would impose the same sentence on Reece were the Guidelines discretionary rather than mandatory, remanding Reece's sentence for reconsideration pursuant to <u>Booker</u> is also unnecessary. We will, therefore, affirm.

_____