

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2006

# USA v. Akbar

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3078

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Akbar" (2006). *2006 Decisions.* Paper 1055.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1055

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-3078

UNITED STATES OF AMERICA

v.

HASSAN AKBAR,
a/k/a TARIQ AKBAR

Hassan Tariq Akbar,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 02-CR-773
District Judge: The Honorable Stewart Dalzell

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 12, 2006

Before: BARRY, SMITH, and TASHIMA, *Circuit Judges*[*]

(Filed: May 24, 2006 )

_____

OPINION

_____

[*]The Honorable A. Wallace Tashima, Senior Circuit Judge for the United States Court
of Appeals for the Ninth Circuit, sitting by designation.

SMITH, *Circuit Judge*.

On October 22, 2003, Hassan Akbar pleaded guilty, pursuant to a Guilty Plea Agreement, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Agreement provided that Akbar "acknowledges his waiver of rights," as set forth in an attached Acknowledgment of Rights. The Acknowledgment stated that, *inter alia*, Akbar understood that if he pleaded guilty he "waived [his] right to appeal, except as set forth in [the] appellate waiver provisions of my plea agreement." Paragraph Nine of the Guilty Plea Agreement stated that Akbar "voluntarily and expressly waives all right to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution" unless the government appealed the sentence, his sentence exceeded the statutory maximum, or the District Judge departed upward from the applicable guideline range. Paragraph Nine further declared that if Akbar filed an appeal, "no issue may be presented . . . on appeal other than those described in this paragraph."

During the plea colloquy, the District Judge and the prosecutor reviewed the terms of the Guilty Plea Agreement, including the waiver of his appellate rights. Akbar affirmed that he understood that his right to appeal was limited to the three instances enumerated in the Agreement. At the conclusion of the plea colloquy, the District Judge declared that Akbar's plea was knowing and voluntary.

The pre-sentence report (PSR) calculated a total offense level of 23 and a criminal

history category of IV, yielding a guideline range of 70 to 87 months. At sentencing, the defense objected to the assessment of certain points because of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). The District Court acknowledged the uncertainty created by *Blakely*, sustained some of Akbar's objections, and revised Akbar's criminal history category to III. As a result, his guideline range was reduced to 57 to 71 months. The District Judge concluded that a sentence of 60 months, which was within this range, was fair. In addition, he declared that "if the Guidelines did not apply, I still think that would be a fair sentence, using the traditional sentencing factors. So, I would . . . in all honesty, impose[] the same sentence."[1]

Akbar, proceeding *pro se*, filed a timely notice of appeal. Defense counsel concluded that there were no non-frivolous issues to appeal and filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the Supreme Court held that the "constitutional requirement of substantial equality and fair process" necessitates that appellant's counsel vigorously act as an advocate for the defendant. *Id.* at 744. Thus, counsel's

> role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request, must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.

---

[1]The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

*Id.* In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we reiterated that an *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).

Akbar's counsel correctly explained that Akbar's guilty plea constituted a waiver of almost all issues for appeal. As a result, counsel asserted that Akbar was limited to claiming that he a had constitutional right not to be haled into court on a charge, to challenging the validity of his guilty plea, and to attacking the legality of his sentence. *See United States v. Broce*, 488 U.S. 563, 574-76 (1989); 18 U.S.C. § 3742(a); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Record citations were provided to support the validity of Akbar's guilty plea. Counsel explained that the imposition of Akbar's sentence under the mandatory guidelines did not present a basis for appeal because the District Judge had sentenced Akbar alternatively under an indeterminate sentencing scheme. Thus, consistent with our decision in *United States v. Hill*, 411 F.3d 425 (3d Cir. 2005), any error was harmless.

Consistent with Third Circuit Local Appellate Rule 109.2(a), Akbar was apprised of counsel's motion to withdraw and afforded an opportunity to file a response. Akbar's *pro se* brief asserted that the calculation of his offense level was incorrect in light of *Blakely* and that his counsel had been ineffective.

The prosecution agreed with defense counsel that there was no basis for appeal. In

4

addition, the prosecution asserted that Akbar's waiver of his appellate rights warranted the dismissal of this appeal. In a supplemental submission, Akbar claimed that he did not have knowledge of the terms of the written plea and the waiver of his appeal rights.

We declared in *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001), that "waivers of appeals, if entered into knowingly and voluntarily, are valid." We recognized, however, that some waivers may be invalidated if there is an error amounting to a miscarriage of justice. In determining whether an error warrants invalidating an appellate waiver, we observed that consideration should be given to the alleged error, its gravity, its character, the impact of the error on the parties, and the extent to which the defendant acquiesced in the result. *Id.* at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 25 (1st Cir. 2001)).

Here, the waiver of Akbar's right of appeal was set forth in both the Guilty Plea Agreement and the Acknowledgment of Rights. Akbar signed both of these documents. During the plea colloquy, the District Court inquired whether Akbar understood that by pleading guilty he was waiving certain rights, including the right to appeal. Akbar affirmed that he understood the significance of his plea. The prosecution proceeded to review the specific terms of the Guilty Plea Agreement, including the waiver of his appellate rights. Thereafter, the District Judge reiterated that under the Agreement, Akbar could only appeal if three things occurred: the government appealed from the sentence; the sentence exceeded the statutory maximum; or the Court departed upward and

sentenced Akbar above the applicable guideline range. The District Judge further explained, citing anecdotes regarding his own history with respect to sentencing proceedings, that it was unlikely that any of these events would occur. When the District Judge inquired if Akbar understood the limitations of the waiver, Akbar replied that he did. We conclude that Akbar's waiver of his right to appeal was knowing and voluntary as required by *Khattak*. 273 F.3d at 562.

Nor do we find any error warranting the invalidation of Akbar's appellate waiver. Akbar's *pro se* submissions make much of the fact that he was sentenced under a mandatory guidelines regime, that certain sentencing factors were considered even though they were not determined by a jury, and that this was error in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). This argument is not persuasive for two reasons. First, it ignores the fact that the District Judge sentenced Akbar, in the alternative, to the same 60 month term of imprisonment under an indeterminate sentencing scheme. Thus, consistent with *Hill*, 411 F.3d at 426, this alternative sentence rendered any error harmless and eliminated any basis for setting aside Akbar's waiver. Moreover, in *United States v. Lockett*, 406 F.3d 207, 213 (3d Cir. 2005), we concluded that the subsequent change in the law effected by *Booker* did not undercut the validity of the defendant's appellate waiver. We explained that the "possibility of a favorable change in the law occurring after a plea agreement is merely one of the risks that accompanies a guilty plea." *Id.* at 214. Without more, there was no basis for setting

aside the appellate waiver.

Similarly, Akbar's allegations of ineffective assistance of counsel do not warrant invalidation of his appellate waiver. Although it is possible for there to be a miscarriage of justice when "plea proceedings were tainted by ineffective assistance of counsel," *Teeter*, 257 F.3d at 25 n.9, we find no possible miscarriage of justice in the circumstances presented by this case. As an initial matter, Akbar does not claim that the waiver itself was the product of ineffectiveness.[2] Moreover, a waiver does not "become[] unenforceable simply because a defendant 'claims' . . . ineffective assistance," but only "if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious." *United States v. Monzon*, 359 F.3d 110, 118-19 (2d Cir. 2004). The record does not indicate that Akbar could succeed on an ineffective assistance claim.

Accordingly, we will grant the government's motion to enforce the appellate waiver and to dismiss this appeal. We will also grant counsel's motion to withdraw. We further certify that the issues presented in this appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R 109.2(b).

---

[2] Rather, Akbar makes vague allegations that his counsel did not "consult[] with [him] about the standing of *Blakely* and how it could affect [him] until the day of sentencing," and that he "should have been allowed to replea [sic] because at the time of the guilty plea, neither the accused, nor his counsel, nor the district court correctly understood the essential elements of the crime with which he was charged."