

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# USA v. Sykes

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1929

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Sykes" (2006). *2006 Decisions*. Paper 201.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/201

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-1929

———————

UNITED STATES OF AMERICA

v.

MARC SYKES,

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 03-00678)
Honorable Mary Little Cooper, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
November 9, 2006

BEFORE:  SLOVITER, GREENBERG, and COWEN, Circuit Judges

(Filed: November 16, 2006)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

Appellant Marc Sykes appeals from the judgment of conviction and sentence

entered on March 15, 2005, in this criminal case.  A grand jury indicted Sykes for

conspiracy to distribute more than 50 grams of crack cocaine and more than 500 grams of

cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. The probation office determined that Sykes' base offense level was 32, but that he was entitled to a 3-level reduction for acceptance of responsibility thus reducing his total offense level to 29. However, inasmuch as Sykes was a career offender as defined in U.S.S.G. § 4B1.1 his total offense level ultimately was determined to be 34. That total offense level, when coupled with his criminal History Category of VI, resulted in an advisory range of 262 to 327 months of imprisonment.

Sykes objected to the calculation of the advisory range for two reasons. The reason on which he largely focuses his brief is that his guideline range was predicated on what he conceived was the unfairness in the differential between offense levels for crack and powder cocaine violations, a crack violation being treated more severely. See United States v. Gunter, 462 F.3d 237 (3d Cir. 2006). The other reason was that he objected to being categorized as a career offender, a very significant determination as it resulted in a 5-level increase in his total offense level. The court, however, overruled his objections. Nevertheless, the court in sentencing Sykes awarded him a 90-month reduction from the bottom of his sentencing level pursuant to U.S.S.G. § 5K1.1 for his cooperation and imposed a custodial sentence of 172 months to be followed by a 5-year term of supervised release. In addition, the court fined Sykes $1000. Sykes appeals, contending that the court erred "when it refused to consider and to lower the sentence because of the crack cocaine [offense level] disparity" and the court erred when it "increased the base offense

2

level pursuant to U.S.S.G. § 4B1.1 when [a] jury did not make . . . [the] finding [with respect to his prior convictions] and [he] did not stipulate to the status of career offender." Appellant's br. at 1. The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We consider Sykes' objections in the reverse order from the way he stated them. First, as the parties agree, we exercise de novo review over the career offender issue. See United States v. Pojilenko, 416 F.3d 243, 246 (3d Cir. 2005). Exercising such review, we reject Sykes' career offender contention for several reasons. As Sykes points out, the court found that he "had the two required prior convictions" for the career offender categorization. Appellant's br. at 22. Yet, rather than contending that he did not have these convictions, he indicates that he "did not stipulate to these convictions and a jury did not make these findings." Id. In fact, on the record it is clear that the findings were correct.

We also note that the court sentenced Sykes after the Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), and thus the court in this case correctly treated the guidelines as advisory. In the circumstances, the court was authorized to make the findings with respect to Sykes' convictions. See United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006). Next, even under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), the case that was the foundation for the holdings in Booker which have lead to the treatment of the guidelines as advisory, the rule that "any

3

fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," id. at 490, 120 S.Ct. at 2362-63, was subject to the exception that it did not apply to "the fact of a prior conviction," id. at 490, 120 S.Ct. at 2362. There is no doubt that the prior conviction exception remains good law binding in this court. See United States v. Hill, 411 F.3d 425, 426 n.1 (3d Cir. 2005). Moreover, Sykes does not even contend that his categorization as a career offender increased the penalty imposed for his conviction beyond the penalty that in the absence of the categorization otherwise would have been the maximum that could be imposed. Lastly, Sykes does not challenge the statement in his presentence report that the maximum sentence in this case is life imprisonment and in the district court he acknowledged as much. Inasmuch any of the points to which we refer, in itself, would require that we reject Sykes' career offender contention, certainly in concert, they have that effect.

Next we consider Sykes' crack cocaine argument. We take no position on Sykes' argument that he is entitled to relief on the basis of the perceived unfair distinction between crack and powder cocaine in the sentencing guidelines. Rather, we think that the district court should have the opportunity to consider that point in the first instance in light of our recent opinion in Gunter, 462 F.3d 237, decided more than one year after the court sentenced Sykes, and in light of the facts of this case.

For the foregoing reasons, although we agree with the district court's disposition

of the career offender issue, we nevertheless will vacate the judgment of conviction and

sentence entered March 15, 2005, and will remand the case to the district court for

resentencing.