

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2007

# USA v. White

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1920

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. White" (2007). *2007 Decisions*. Paper 1064.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1064

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1920

_____

UNITED STATES OF AMERICA

v.

CHARLES WHITE,

<u>Appellant</u>

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00733)
District Judge: Hon. Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2007

Before: RENDELL and JORDAN, <u>Circuit Judges</u>,
and VANASKIE[*], <u>District Judge</u>

(Filed: May 25, 2007)

_____

OPINION

_____

VANASKIE, <u>District Judge</u>.

Charles White ("White") appeals his sentence imposed after he pled guilty to being

_____

[*]The Honorable Thomas I. Vanaskie, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). White's counsel has moved for permission to withdraw from representation, and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and Third Circuit Local Appellate Rule ("LAR") 109.2(a), certifying the absence of any issues with arguable merit. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the reasons that follow, we will grant counsel's motion to withdraw and affirm White's sentence.

On December 5, 2001, a grand jury returned a single-count indictment against White charging him with being a felon in possession of a firearm. In connection with this offense, White had an altercation with Fallyn Lingham in which he brandished the firearm and threatened to shoot her.

On April 8, 2002, White pled guilty pursuant to a written plea agreement. Among other things, White stipulated that Section 2K2.1(b)(5) of the United States Sentencing Guidelines – providing for a four-level increase in the offense level where the firearm is used or possessed in connection with another felony offense – would apply in determining his sentence because he committed simple assault and resisting arrest in connection with this offense.[1] (Supp. App. to Appellee's Br. 3.) During the plea colloquy, White acknowledged to the District Court that he understood his offense level would be increased by four levels. (App. to Appellant's Br. 16a.) Moreover, White did not object to the Government's summary of the evidence it would have presented had the

---

[1]The 2006 amendments to the Sentencing Guidelines redesignated Section 2K2.1(b)(5) as Section 2K2.1(b)(6).

matter proceeded to trial, which included a description of White's confrontation with Ms. Lingham. (Id. at 22a-24a.)

The United State Probation Office issued a Presentence Investigation Report ("PSR"). With the four-level increase under Section 2K2.1(b)(5), the PSR determined White's total offense level to be 27. In conjunction with a criminal history category of III, the PSR calculated White's then-mandatory Guidelines range as 87 to 108 months imprisonment.

On May 24, 2004, the District Court sentenced White to a prison term of 87 months. White appealed to this Court. Although we affirmed White's conviction, we remanded for re-sentencing to consider the application of United States v. Booker, 543 U.S. 220 (2005). See United States v. White, 156 Fed. Appx. 506, 509 (3d Cir. 2005). On remand, the District Court relied upon the PSR initially prepared by the Probation Office. White did not object to the factual basis of the PSR. On March 9, 2006, the District Court sentenced White to 80 months imprisonment, a seven-month variance from the advisory Guidelines range. This appeal followed.

We exercise plenary review in ascertaining, after a complete assessment of the proceedings, whether an appeal is wholly frivolous. In this regard, our inquiry is twofold. First, we must determine whether counsel has adequately fulfilled the obligations imposed by LAR 109.2(a). United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Second, we must confirm, after an independent review of the record, that the appeal does not present any non-frivolous issues. Id.

Counsel fulfills the requirements of LAR 109.2(a) by (1) satisfying "the court that counsel has thoroughly examined the record in search of appealable issues," and (2) explaining why the issues are frivolous. Id. Where the Anders brief appears adequate on its face, we limit our scrutiny to those parts of the record identified in the brief, as well as any issues asserted by the appellant in a pro se brief.[2] Id. at 301.

Counsel presents two arguably non-frivolous issues and explains why each issue is without merit.[3] First, White contends that the District Court erred in applying the four-level increase under Section 2K2.1(b)(5) because a question of fact existed as to whether White brandished the firearm in self-defense, which could only be resolved by a jury. As White's counsel observes, however, White did not contest the factual recitation by the Government at his plea colloquy, which included details of his assault of Ms. Lingham. Moreover, White (1) stipulated to the application of Section 2K2.1(b)(5) in his written plea agreement, and (2) did not object to the statement of facts in the PSR. Consequently, we agree that this argument is without merit. See United States v. Hill, 411 F.3d 425, 426 n.1 (3d Cir. 2005) (no Sixth Amendment implications where advisory Guidelines range is

<hr>

[2]White was advised by the Court of his right to file a pro se brief, but he has elected not to do so. Our review, therefore, is confined to the portions of the record identified in counsel's Anders brief.

[3]Counsel also suggests a third issue – the District Court's refusal to depart from the advisory Guidelines range. This issue is plainly frivolous because there was never a motion for a downward departure presented to the District Court. In any event, while not formally departing from the advisory Guidelines range, the District Court exercised its discretion in imposing a sentence that represented a seven-month downward variance from the advisory Guidelines range.

determined on the basis of facts to which the defendant has stipulated).

White also argues that his sentence of 80 months imprisonment, which is below the advisory Guidelines range, is unreasonable. To determine whether a sentence is reasonable, the record must disclose that the District Court "gave meaningful consideration to the [18 U.S.C.] § 3553(a) factors," and "reasonably applied [those factors] to the circumstances of the case." United States v. Cooper, 437 F.3d 324, 329-30 (3d Cir. 2006). White, as the appellant, bears the burden of demonstrating his sentence is unreasonable. See id. at 332. White's counsel asserts, and our independent review of the record confirms, that the District Court meaningfully considered and reasonably applied the Section 3553(a) factors. Therefore, we find this argument to be frivolous as well.

We are satisfied that counsel has conducted a thorough examination of the record and fulfilled the requirements of LAR 109.2(a). Finally, after our independent review of the record, we have been unable to discern any non-frivolous issues to be asserted on appeal. Accordingly, we will affirm the District Court's March 9, 2006 judgment of sentence, and grant counsel's motion to withdraw.