

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-16-2006

# USA v. Byrd

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1850

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"USA v. Byrd" (2006). *2006 Decisions*. Paper 1418.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1418

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.  05-1850

———————

UNITED STATES OF AMERICA

v.

WILLIAM BYRD
a/k/a
DANNY JOHNSON
a/k/a
WILLIAM BILAL
a/k/a
BILAAL BYRD
a/k/a
BILLIE BYRD
a/k/a
BILLY BYRD

William Byrd,
Appellant

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 03-cr-00311-1)
District Judge: Honorable Faith S. Hochberg

———————

Submitted Under Third Circuit LAR 34.1(a)
March 7, 2006

(Opinion filed: March 16, 2006)

_____

OPINION

_____

AMBRO, <u>Circuit Judge</u>

On February 4, 2004, William Byrd pled guilty to one count of possession of a firearm by a convicted felon. As a result, the District Court sentenced him to 115 months in prison. Byrd appeals his sentence, but his appointed counsel filed an *Anders* motion to withdraw as counsel, asserting that all potential grounds for appeal are frivolous. Because we agree, we affirm Byrd's sentence and grant counsel's motion to withdraw.

**I.**

Under *Anders v. California*, 386 U.S. 738 (1967), if counsel "finds [a] case to be wholly frivolous, after a conscientious examination" of the potential grounds for appeal, s/he should "advise the court and request permission to withdraw." *Id*. at 744. This request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal," *id*., "explain[ing] to the court why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000), and demonstrating that s/he has "thoroughly scoured the record in search of appealable issues," *id*. at 780. A copy of

_____

<sup>*</sup>Honorable Norma L. Shapiro, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

counsel's brief must be furnished to the appellant, who must be given time to raise non-frivolous arguments in a *pro se* brief. *Anders*, 386 U.S. at 744; Third Circuit LAR 109.2(a) (2000). Byrd was notified of his right to file a *pro se* brief but he has failed to do so.

We "confine our scrutiny to those portions of the record identified by an adequate *Anders* brief . . . [and] those issues raised in Appellant's pro se brief." *United States v. Youla*, 241 F.3d 296, 301 (3d Cir. 2001). We do not "comb the record . . . for possible non-frivolous issues that both the lawyer and his client may have overlooked," as "[our] duty is merely to determine whether counsel is correct in believing those grounds [raised are] frivolous." *United States v. Wagner*, 103 F.3d 551, 552-53 (7th Cir. 1996). We shall grant counsel's *Anders* motion to withdraw if we believe "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim," *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988), and if we conclude "that the appeal lacks any basis in law or fact," *id*. at 438 n.10.

## II.

As we write for the parties, only a brief summary of pertinent facts and procedural history is necessary. On January 13, 2003, a Newark, New Jersey police officer observed two men engaged in a physical altercation on the street. One of the men, who was later identified as Byrd, was standing over the other man, William Johnson, who was lying face down on the sidewalk. As the officer approached the scene, he discerned that Byrd

3

was pointing a handgun at Johnson, who appeared to be struggling to gain possession. Byrd ignored the officer's commands to drop the handgun and the altercation continued until Johnson gained control over the gun. Byrd attempted to flee the scene on foot but was quickly apprehended and taken into custody. He later was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Byrd entered into a written plea agreement with the United States Attorney's Office, agreeing to the following stipulations: (1) due to his crime of conviction, U.S.S.G. § 2K2.1 was Byrd's applicable Sentencing Guideline; (2) he had previously sustained two felony convictions for distributing and possessing with the intent to distribute a controlled substance on or near school property in violation of N.J. Stat. Ann. § 2C:35-7; (3) his base offense level was 24; (4) because he committed an aggravated assault with a firearm specific offense characteristic (*i.e.*, possession of a firearm in connection with another felony offense), § 2K2.1(b)(5) applied for a four-level upward adjustment; (5) he possessed ammunition and one loaded firearm on the date in question; and (6) he was entitled to a three-point downward adjustment for acceptance of responsibility under § 3E1.1.

Consistent with the stipulations provided by the plea agreement, the District Court correctly calculated Byrd's applicable sentencing range at 110 to 137 months imprisonment. Because Byrd's offense carried a statutory maximum of 120 months, however, his range was adjusted to 110 to 120 months. The Court sentenced Byrd to 115

months imprisonment, three years supervised release, a fine of $1,000, and a special assessment of $100. It also imposed a discretionary alternative sentence using the statutory range of 0 to 120 months as its parameters and, again, sentenced Byrd to 115 months imprisonment.

Defense counsel's *Anders* brief raises two issues: (1) whether the District Court made findings of fact with regard to Byrd's sentence in violation of *Blakely v. Washington*, 542 U.S. 296 (2004); and (2) whether the District Court sentenced Byrd in violation of *United States v. Booker*, 543 U.S. 220 (2005). We agree with defense counsel that any *Blakely* argument raised by Byrd is frivolous. This is because he was sentenced solely on facts that he admitted in his plea colloquy and facts admitted by defendants are expressly exempted from *Blakely*'s ambit. *See* 542 U.S. at 303 (stating "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict *or admitted by the defendant*" (emphasis added)).

Defense counsel also argues that any *Booker* argument raised by Byrd would be frivolous because, while the District Court imposed a mandatory 115 month sentence on Byrd pursuant to the Guidelines, it also imposed an identical alternative sentence under a indeterminate sentencing scheme in anticipation of the Supreme Court's ruling in *Booker*. This contention is on point with our decision in *United States v. Hill*, where we held that "where . . . a District Court clearly indicates that an alternative sentence would be

5

identical to the sentence imposed under the Guidelines," a remand is not warranted—because "any error that may attach to a defendant's sentence under *Booker* is harmless." 411 F.3d 425, 426 (3d Cir. 2005). We, therefore, affirm the sentence imposed by the District Court and grant counsel's motion to withdraw.