

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2006

# USA v. Griggs

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3655

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"USA v. Griggs" (2006). *2006 Decisions.* Paper 745.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/745

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3655

UNITED STATES OF AMERICA

v.

NATHAN CHARLES GRIGGS,
                                        Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 04-cr-0052
(Honorable William W. Caldwell)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 27, 2006

Before:  SCIRICA, *Chief Judge*, NYGAARD and ALARCÓN[*], *Circuit Judges*

(Filed: July 14, 2006)

OPINION OF THE COURT

---

[*]The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

SCIRICA, *Chief Judge*.

Nathan Charles Griggs appeals his criminal sentence and conviction. Griggs's attorney filed a motion to withdraw as court-appointed counsel in this case and filed a brief under *Anders v. California,* 386 U.S. 738 (1967). Griggs was provided notice of his attorney's desire to withdraw and was informed that he could file a *pro se* brief. Griggs filed a brief with this Court on September 26, 2005. For the reasons stated, we will deny defense counsel's motion to withdraw, affirm the judgment of conviction, vacate the judgment of sentence, and remand for resentencing.

## I.

On February 11, 2004, Griggs was charged with four counts of bank robbery, all in violation of 18 U.S.C. § 2113(a). The indictment alleged Griggs committed four separate robberies in a span of just under a month. Griggs pled guilty to all counts. In accordance with the plea agreement, Griggs reserved the right to contest the type of weapon used during the course of the fourth robbery. The pre-sentence report placed Griggs in a sentencing guidelines range of 151–188 months. This included a recommended six-level upward adjustment under U.S.S.G. § 2B3.1(b)(2)(B) for having "otherwise used" a firearm during the fourth charged robbery. Griggs objected to the § 2B3.1(b)(2)(B) gun-use enhancement, claiming he used a crossbow during the fourth robbery, not a firearm.[1]

---

[1] The sentencing guidelines call for a six-level enhancement if a "firearm" was "otherwise used" in a robbery, U.S.S.G. § 2B3.1(b)(2)(B), but only a four-level enhancement if some other "dangerous weapon" was "otherwise used," U.S.S.G. §

(continued...)

2

On September 8, 2004 — after *Blakely v. Washington*, 542 U.S. 296 (2004), but before *United States v. Booker*, 543 U.S. 220 (2005) — the District Court sentenced Griggs to 169 months' imprisonment. The District Court expressly declined to consider the federal sentencing guidelines in making its sentencing decision, finding the guidelines unconstitutional in their entirety under *Blakely*. Nevertheless, the court heard evidence at the sentencing hearing on the gun-use enhancement recommended in the PSR. The court found by a preponderance of the evidence that Griggs used a gun during the fourth robbery. The court noted Griggs's sentence reflected both the trauma his actions caused to his victims and his extensive criminal history.

## II.

Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief" under *Anders*. In reviewing an *Anders* brief, we must consider "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In submitting an *Anders* brief, counsel must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and "to explain why the

---

[1](...continued)
2B3.1(b)(2)(D).

3

issues are frivolous." *Id.* Counsel need not "raise and reject every possible claim," but his or her brief must demonstrate "conscientious examination." *Id.* Our review reveals counsel has thoroughly considered all plausible bases for appeal. Counsel examined at length the District Court's finding supporting the gun-use enhancement, as well as the case law supporting this finding. Counsel also anticipated the Supreme Court's *Booker* opinion (although not its exact holding), suggesting an appealable issue might arise should the Supreme Court apply *Blakely* to the federal sentencing guidelines. Accordingly, we find counsel has submitted an adequate *Anders* brief.

As noted, Griggs also submitted a brief. He raises several issues, including (1) an ineffective assistance of counsel claim, (2) challenges to the District Court's gun-use finding, (3) a claim that the District Court improperly applied U.S.S.G. § 2B3.1(b)(2)(B) to enhance his sentence by six levels, and (4) a *Booker* challenge to his sentence.[2] We have conducted an independent review of the record, *see Youla*, 241 F.3d at 301, and conclude Griggs raises a non-frivolous issue through his *Booker* challenge, but all other issues raised are without merit.

We do not address Griggs's assertion of ineffective assistance of counsel on direct review. *United States v. Thornton*, 327 F.3d 268, 271–72 (3d Cir. 2003). Such claims are "best decided in the first instance in a collateral action." *Id.*

_____

[2]Griggs offers several other challenges to his conviction and sentence, but none are of arguable merit.

4

With regard to the gun-use finding, the court correctly applied a preponderance of the evidence standard to determine whether Griggs used a gun, rather than a crossbow, during the fourth robbery. *See United States v. Grier*, 449 F.3d 558, 570 (3d Cir. 2006). The court's gun-use finding was not clear error. The bank teller involved in the fourth robbery testified unequivocally that Griggs pointed a gun at her during the robbery. The court was entitled to credit this testimony over Griggs's.

Griggs also contends that, even if he used a gun, his sentence should only have been enhanced five levels for having "brandished" the gun under U.S.S.G. § 2B3.1(b)(2)(C), not six levels for having "otherwise used" the gun under U.S.S.G. § 2B3.1(b)(2)(B). There was no error here, much less plain error. The bank teller testified Griggs took out a gun, pointed it at her, told her to fill a bag with money, and warned her not to "push his buttons." (App. 26a–27a.) We have held that "specifically leveling a cocked firearm at the head or body of a bank teller or customer, ordering them to move or be quiet according to one's direction, is a cessation of 'brandishing' and the commencement of 'otherwise used.'" *United States v. Orr*, 312 F.3d 141, 145 (3d Cir. 2002). Griggs's conduct during the fourth robbery falls squarely within this definition of "otherwise used."

After counsel filed his *Anders* brief, the Supreme Court decided *United States v. Booker*, holding judicial fact-finding under the mandatory federal sentencing guidelines was unconstitutional and making those guidelines advisory. 543 U.S. at 245–46. The Court directed district courts to consider the 18 U.S.C. § 3553(a) factors in imposing

5

sentence, including the properly calculated guidelines range itself, 18 U.S.C. § 3553(a)(4). *Booker*, 543 U.S. at 259; *see United States v. Cooper*, 437 F.3d 234, 327, 330 (3d Cir. 2006) (explaining sentencing procedures after *Booker*). As noted, the District Court here expressly declined to consider the guidelines. Nor does the record reveal that the court considered the remaining § 3553(a) factors. This was error under *Booker*. *See Booker*, 543 U.S. at 261–64.

On May 8, 2006, we directed defense counsel to inform this Court if Griggs requests resentencing in light of *Booker* and *Cooper*.[3] Counsel responded on June 21, 2006, advising us of Griggs's wish to be resentenced. Accordingly, we will vacate his sentence and remand for resentencing. *See United States v. Davis*, 407 F.3d 162, 166 (3d Cir. 2005) (vacating and remanding a sentence under *Booker* "for consideration of the appropriate sentence by the District Court in the first instance").

This result is not foreclosed by our opinion in *United States v. Hill*, 411 F.3d 425, 426 (3d Cir. 2005). In *Hill*, we held a district court's error in sentencing a defendant under the mandatory guidelines was harmless when the court determined an alternative sentence under an indeterminate sentencing scheme would be identical to the sentence imposed under the mandatory guidelines. *Id.* Because the district court gave the defendant the same sentence under both schemes, we could infer the court would have

---

[3]In his September 26, 2005 *pro se* brief, Griggs contended that, under *Booker*, he is entitled to have a jury determine whether he "otherwise used" a firearm. But *Booker* calls for sentencing under the advisory guidelines, not for a jury determination of sentencing facts.

done the same under the post-*Booker* sentencing scheme. We don't believe a similar inference can be made here. Unlike in *Hill*, where the district court not only considered the guidelines, but imposed an alternative sentence under them, the District Court in this case expressly declined to take the guidelines into account. The court neither calculated Griggs's guidelines range nor considered the range recommended by the PSR. Accordingly, any determination of the District Court's intent under a post-*Booker* sentencing scheme would be in part speculative. Remand is, therefore, appropriate.

Because this case is being remanded for resentencing, we will deny counsel's motion to withdraw.

## III.

We will affirm the judgment of conviction, vacate the judgment of sentence, and remand this case for resentencing under *Booker*. Defense counsel's motion to withdraw is denied.