

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-31-2006

# USA v. Clagon

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3531

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Clagon" (2006). *2006 Decisions*. Paper 677.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/677

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-3531

UNITED STATES OF AMERICA

v.

DAMIEN D. CLAGON,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 03-CR-811
District Judge: The Honorable Berle M. Schiller

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2006

Before: SMITH, ALDISERT, and ROTH, *Circuit Judges*

(Filed: July 31, 2006)

OPINION

SMITH, *Circuit Judge*.

On April 13, 2004, Damien D. Clagon pleaded guilty to one count of possession of

a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The Guilty Plea Agreement

set forth the agreement of the parties, including a provision that Clagon voluntarily and

expressly waived all rights to appeal or to collaterally attack his conviction or sentence.

The waiver did not bar Clagon from filing an appeal, however, if the government appealed from the sentence, the sentence exceeded the statutory maximum, or the sentencing judge erroneously departed upward from the applicable sentencing guideline range. An Acknowledgment of Rights signed by Clagon and his counsel enumerated the rights that Clagon waived by pleading guilty. It also recited that Clagon waived his right to appeal as provided by the Guilty Plea Agreement.

The District Court conducted a guilty plea colloquy consistent with Federal Rule of Criminal Procedure 11, reviewing the various rights that Clagon waived by pleading guilty. When asked if he understood that he was waiving his right to appeal, Clagon answered that he understood. At the conclusion of the plea colloquy, the District Judge found that Clagon knowingly and voluntarily pleaded guilty and he accepted Clagon's guilty plea.

Clagon's sentencing occurred on August 19, 2004, after the Supreme Court's decision in *Washington v. Blakely*, 542 U.S. 296 (2004), which cast doubt on the constitutionality of the United States Sentencing Guidelines. The District Judge advised the parties that in light of *Blakely,* he was treating the guidelines as though they were advisory and that he was free to sentence Clagon up to the statutory maximum of ten years. Nonetheless, the Court considered the guideline range of 84 to 105 months, together with Clagon's prospects for rehabilitation in light of his criminal history, and sentenced Clagon to the lower end of the guideline range, 84 months.

Although Clagon had waived his right to appeal, and despite the fact that none of

the contingencies had occurred which, under the agreement, would have allowed him to file an appeal, Clagon filed a timely notice of appeal. His appellate counsel, who did not represent him before the District Court, filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that he was unable to identify any nonfrivolous basis for appeal.

In *Anders*, the Supreme Court stated that the "constitutional requirement of substantial equality and fair process" means that appellate counsel must act as an advocate for the defendant. 386 U.S. at 744. As we explained in *United States v. Youla*, 241 F.3d 296 (3d Cir. 2001), the *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." *Id.* at 300. Accordingly, our inquiry is twofold: (1) whether counsel adequately fulfilled the requirements of *Anders*; and (2) "whether an independent review of the record presents any nonfrivolous issues." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)); *see also Anders*, 386 U.S. at 744 (explaining that the court must proceed, "after a full examination of all the proceedings, to decide whether the case is wholly frivolous.").

Appellate counsel's *Anders* brief correctly pointed out that Clagon's guilty plea limited the issues he could raise on appeal to whether he could be haled into court on the offense charged, the validity of his guilty plea, and the legality of his sentence. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Counsel averred that "after careful review of the record," he was unable to

3

identify any good faith argument that the guilty plea was invalid or that the sentence was illegal.

Consistent with our local rules, appellate counsel served a copy of his brief and his motion to withdraw upon Clagon. *See* 3d Cir. L.A.R. 109.2(a). Clagon took advantage of his opportunity to file a *pro se* response, and argued that the District Court erred by computing his guideline range after consideration of his prior convictions based on guilty pleas.

The prosecution agreed with Clagon's appellate counsel that Clagon's appeal was frivolous. It also asserted that the appeal should be dismissed because Clagon had waived his right to appeal and that there was no basis for setting aside Clagon's appellate waiver. As support for its position, the prosecution filed a supplemental appendix containing the docket, the judgment, the plea agreement, and the transcripts of the guilty plea colloquy and the sentencing hearing.

In *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001), we declared that "waivers of appeals, if entered into knowingly and voluntarily, are valid." *Id.* at 562. We recognized that some waivers may be invalidated if there is an error amounting to a miscarriage of justice. In determining whether an error warrants invalidating an appellate waiver, we observed that consideration should be given to the alleged error, its gravity, its character, the impact of the error on the parties, and the extent to which the defendant acquiesced in the result. *Id.* at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)).

4

Appellate counsel's *Anders* brief, however, did not recite the fact that Clagon had waived his right to appeal. The *Anders* brief also failed to explain why Clagon's guilty plea complied with the dictates of *Boykin v. Alabama*, 395 U.S. 238 (1969), and Federal Rule of Criminal Procedure 11. Nor did the brief address why the sentence imposed by the District Court prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), did not need to be vacated and the matter remanded for resentencing in accordance with our decision in *United States v. Davis*, 407 F.3d at 162, 165-66 (3d Cir. 2005) (en banc).

Accordingly, we determined that counsel's brief was inadequate and we directed counsel to explain in a supplemental letter brief why the issues he identified, *i.e.*, the validity of the plea and legality of the sentence, were without arguable merit. Counsel's response appropriately addressed why the issues Clagon raised in his informal brief lacked merit. Although we agree that the issues Clagon raised *pro se* do lack merit, we note that appellate counsel's response has yet to explain why the issues he identified are frivolous.

In *Youla*, we agreed with the Seventh Circuit that we should not scour the record to identify for the defendant the issues to be addressed in deciding whether to grant counsel's motion to withdraw. 241 F.3d at 301 (citing *United States v. Wagner*, 103 F.3d 551, 552 (7th Cir. 1996)). Instead, we instructed that our review should be guided by the *Anders* brief when it appears to be adequate on its face. Here, although the *Anders* brief before us sufficiently identifies the issues, it is deficient on two counts. First, it is

5

inadequate because the two pages of legal argument in appellate counsel's *Anders* brief

did not explain why the issues identified by counsel were frivolous.[1]  Second, the *Anders*

brief failed to contain any citations to the record which would guide our review.  Indeed,

the Appendix compiled by counsel failed to contain the relevant portions of the

proceedings of either the change of plea hearing or the sentencing hearing.[2]

Nonetheless, because the prosecution filled this void by filing a supplemental

appendix, we are able to conduct a meaningful appellate review.  Because we find no

---

[1]In *Anders*, the Supreme Court observed that the no-merit letter did not facilitate appellate review because "the court has only the cold record which it must review without the help of counsel."  386 U.S. at 745.  To avoid this situation, the *Anders* Court directed that appellate counsel must file a motion to withdraw together with a "brief referring to anything in the record that might arguably support the appeal." *Id.*  This direction was not merely hortatory, and counsel must be mindful that their advocacy serves a vital role in our criminal justice system.

[2]As we noted above, the *Anders* Court instructed counsel to include with his request to withdraw "a brief referring to anything in the record that might arguably support the appeal."  386 U.S. at 744.  We take this opportunity to reiterate the obvious: an *Anders* brief, like any other appellate brief, should include citations to the relevant portions of the record and those portions should be contained in the Appendix.  *See Anders*, 386 U.S. at 745 (observing that the appellate court may vigorously pursue "its own review because of the ready references . . . to the record").  This is not a novel requirement.  Federal Rule of Appellate Procedure 28(a)(9)(A) specifies that the argument section of the appellant's brief "must contain . . . appellant's contentions . . . with *citations* to the . . . *parts of the record* on which the appellant relies . . . ." Fed. R. App. P. 28(a)(9)(A) (emphasis added).  Moreover, Rule 30(a) provides that the appellant is responsible for preparing and filing an appendix that contains "(A) the relevant docket entries in the proceeding below; (B) the relevant portions of the pleadings, charge, findings, or opinion; (C) the judgment, order, or decision in question; and (D) other parts of the record to which the parties wish to direct the court's attention." Fed. R. App. P. 30(a).  Although we think it goes without saying, we point out that the relevant portions of a plea colloquy or a sentencing hearing should be included in the Appendix to most *Anders* briefs.

error constituting a basis to set aside Clagon's waiver of his appellate rights, we agree with the prosecution that Clagon's appeal waiver is enforceable.

After reviewing the record supplied by the prosecution, we conclude that Clagon knowingly and voluntarily waived his appeal rights during the guilty plea colloquy. Prior to the hearing, both Clagon and his counsel executed the Guilty Plea Agreement and the Acknowledgment of Rights. Both documents memorialized the fact that Clagon agreed to waive his right to appeal. Consistent with this representation, when the Court inquired whether Clagon understood that he had the right to appeal and that the Guilty Plea Agreement limited that right, Clagon affirmed that he understood.

We recognize that this waiver occurred prior to the Supreme Court's decision in *Booker*. As we explained in *United States v. Lockett*, 406 F.3d 207 (3d Cir. 2005), the subsequent change in the law effected by *Booker*, does not, without more, undermine the validity of a defendant's waiver of his appellate rights. *Id.* at 213-14.

Arguably, Clagon's appeal waiver might be invalid if Clagon's guilty plea was constitutionally infirm or his pre-*Booker* sentence had to be vacated in accordance with our decision in *United States v. Davis*, 407 F.3d at 165-66 (concluding that defendants sentenced under previous mandatory sentencing regime may be able to demonstrate plain error and prejudice and deciding to remand such cases for resentencing). Neither scenario is present in this case. Clagon's guilty plea, as the transcript demonstrates, was knowing and voluntary, complying with the requirements of both *Boykin* and Rule 11. Although Clagon was sentenced pre-*Booker*, there was no reason to vacate his sentence inasmuch

7

as the District Judge informed the parties that, in light of *Blakely,* he was of the opinion that the federal guidelines were advisory and that he was free to sentence up to the statutory maximum.  As we explained in *United States v. Hill*, 411 F.3d 425 (3d Cir. 2005), a sentence imposed post-*Blakely* and pre-*Booker* on the basis that an indeterminate sentencing scheme governed need not be vacated "as any error that may attach to a defendant's sentence under *Booker* is harmless." *Id.* at 426.

In sum, we are unable to find any error in the District Court proceedings which would invalidate Clagon's knowing and voluntary waiver of his right to appeal.  For that reason, we conclude that  the appellate waiver is enforceable and we will dismiss this appeal.  In deciding that there was no error which would constitute a basis for setting aside the appellate waiver, we have also determined that the issues Clagon could have raised as a basis for appeal in light of his guilty plea are frivolous.  As a result, we will grant counsel's motion to withdraw.  We further certify that the issues presented in this appeal lack legal merit and do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).

8