

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2006

# USA v. Forbes

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4211

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Forbes" (2006). *2006 Decisions*. Paper 1706.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1706

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4211

UNITED STATES OF AMERICA

v.

MICHAEL D. FORBES,
                                        Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. 03-cr-00250-1
District Judge:  The Honorable Christopher C. Conner

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2006

Before: BARRY and AMBRO, Circuit Judges, and DEBEVOISE,* District Judge

(Opinion Filed:  January 27, 2006)

OPINION

---

*The Honorable Dickinson R. Debevoise, Senior District Judge, United States District
Court for the District of New Jersey, sitting by designation.

BARRY, Circuit Judge

Appellant, Michael D. Forbes, was convicted of multiple drug related offenses in

the United States District Court for the Middle District of Pennsylvania.[1]  Furthermore,

the jury found, beyond a reasonable doubt, that Forbes was "an organizer or leader" of a

drug dealing scheme involving five or more people.  The District Court sentenced Forbes

to 50 years imprisonment.  Forbes appeals both his conviction and his sentence.  We have

jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We will affirm the

conviction, but will vacate the sentence and remand for resentencing in accordance with

*United States v. Booker*, 543 U.S. 220 (2005).

Because we write primarily for the parties, who are familiar with the case, we

proceed directly to the analysis of Forbes' claims.

## I.  *Forbes' Challenge to His Conviction*

The prosecution elicited testimony at trial that Forbes used a foam baseball bat

with a hard core to break the nose of a 21-year-old woman, who sold drugs for him,

because she owed him money.  Forbes argues that the District Court abused its discretion

by allowing this testimony to be presented to the jury.  Specifically, he claims that, even if

---

[1] Following a four-day trial, the jury found Forbes guilty of unlawfully distributing 500 grams or more of crack cocaine and five grams or more but less than ten grams of heroin; using a telephone to commit a felony drug offense; using and carrying a firearm during and in relation to drug trafficking; and criminal conspiracy to distribute 500 grams or more but no more than 1.5 kilograms of crack cocaine.  The jury found Forbes not guilty of interstate travel in aid of drug trafficking.

relevant, the testimony was both cumulative and highly prejudicial, and therefore should have been excluded under Federal Rule of Evidence 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

We review a district court's ruling regarding the admissibility of evidence under Rule 403 for abuse of discretion.

> "We have [repeatedly] held that because the trial judge is present in the courtroom as the challenged evidence is offered, and is therefore 'in the best position to assess the extent of prejudice caused by the party,' the trial judge must 'be given very substantial discretion' in 'balancing' probative value on one hand and 'unfair prejudice' on the other."

*United States v. Universal Rehabilitation Servs. (PA), Inc.*, 205 F.3d 657, 665 (3d Cir. 2000) (citing *United States v. Long*, 574 F.2d 761, 767 (3d Cir. 1978)). Accordingly, we will not reverse a district court's ruling unless it is "arbitrary or irrational." *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d 444, 453 (3d Cir. 1997); *see also Long*, 574 F.2d at 767 ("If judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal.").

The first step in a Rule 403 analysis is to determine whether the challenged evidence has probative value. Here, the Second Superseding Indictment alleged that Forbes maintained the drug trafficking conspiracy "through force, fear, violence and intimidation." Testimony regarding Forbes' assault of a woman who was selling drugs for him is certainly probative of this allegation.

3

Forbes nevertheless argues that the graphic testimony "was so severely prejudicial that any probative value was . . . dramatically outweighed by that prejudice." We disagree. The District Court's determination that the testimony was admissible to establish that Forbes was "an organizer and leader of an activity and tried to control the people in his organization through violence [and] intimidation" was neither arbitrary nor irrational. (App. at 200.) We therefore find that it was well within the District Court's discretion to conclude that the probative value of the testimony was not substantially outweighed by any potential unfair prejudice.

## II. *Forbes' Challenge to His Sentence*

Forbes argues that the case should be remanded for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Specifically, he contends that remand is appropriate because the District Court incorrectly treated the Sentencing Guidelines as mandatory.[2] Forbes was sentenced prior to *Booker*. His appeal, therefore, falls within the ambit of our decision in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (*en banc*), in which we held that defendants sentenced before *Booker* should have their sentencing

---

[2] In *Booker*, the Supreme Court held that

mandatory enhancement of a sentence under the Sentencing Guidelines based on facts found by the court alone, in the absence of a waiver of a jury trial, violates the Sixth Amendment. To remedy the constitutional infirmity of the Guidelines, the Court severed that portion of the statute making application of the Guidelines mandatory, rendering them effectively advisory.

*United States v. Lore*, 2005 U.S. App. LEXIS 26272, at *56 (3d Cir. Dec. 2, 2005)

4

challenge "remand[ed] for consideration of the appropriate sentence by the District Court in the first instance." *Id.* at 166.

The government concedes that the District Court assumed that the Guidelines were mandatory, but nevertheless contends that there is no need to vacate Forbes' sentence because "it is clear from the record that the sentence imposed by the court would in fact be imposed again were the matter sent back."[3] We have held that "where . . . a District Court clearly indicates that an alternative sentence would be identical to the sentence imposed under the Guidelines," a remand is not warranted, because "any error that may attach to a defendant's sentence under *Booker* is harmless." *United States v. Hill*, 411 F.3d 425, 426 (3d Cir. 2005).

The District Court's statements in this case, however, lack the clarity demanded by *Hill.* Unlike in *Hill*, where the District Court clearly stated that it was imposing an identical alternative sentence under an indeterminate sentencing scheme, the District Court here made no such statement. Indeed, in its supplemental statement of reasons regarding the applicability of the Guidelines, the District Court checked a box indicating that "[t]he Court applied the Guidelines and all relevant enhancements in this case." It could have, but did not, check a box indicating that the "judgment includes an alternative sentence," or that "the Court found the Guidelines unconstitutional in part, and imposed a

---

[3] The government bases this assertion, in large part, on the fact that the District Court declined to grant a downward departure and imposed a sentence ten years in excess of the mandatory minimum.

5

sentence in accordance with the constitutionally applied portions of the Guidelines." We will, therefore, vacate Forbes' sentence and remand for resentencing in accordance with *Booker*.[4]

### III. *Conclusion*

For the foregoing reasons, we will affirm Forbes' conviction, vacate his sentence, and remand for resentencing in accordance with *Booker*.

---

[4] Forbes also argues that the District Court erred by refusing to depart downward given the disparity between his sentence and the sentences imposed upon his co-defendants. It is well established that we lack jurisdiction to review a district court's decision not to grant a downward departure when the court understands that it has the power to depart, but declines to do so. *See United States v. Hart*, 273 F.3d 363, 378 (3d Cir. 2001) (holding that the court did not have jurisdiction to review the refusal to grant a downward departure on the ground that the defendants received higher sentences than their co-defendants who were sentenced by a different judge); *United States v. Vitale*, 159 F.3d 810, 816 (3d Cir. 1998); *United States v. Miele*, 989 F.2d 659, 668 n.11 (3d Cir. 1993); *United States v. Denardi*, 892 F.2d 269, 272 (3d Cir. 1989). Here, the District Court expressly acknowledged its authority to depart downward from the applicable range, but chose not to do so. (App. at 781-782) ("This court possesses authority under Section 5K2.0 to grant a departure from the guideline's range to correct an unwarranted disparity in the defendant's sentences as compared to co-defendants . . . . Recognizing the authority to depart, the court will decline to do so under these circumstances.") Accordingly, we lack jurisdiction to review this claim.