

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2007

# USA v. Forbes

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2480

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Forbes" (2007). *2007 Decisions*. Paper 40.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/40

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2480

UNITED STATES OF AMERICA

v.

MICHAEL D. FORBES,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00250-1)
District Judge:  Honorable Christopher C. Conner

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2007

Before:  RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges.

(Filed: December 19, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Michael Forbes appeals from a sentence of 50 years' imprisonment following his

conviction for unlawfully distributing 500 grams or more of crack cocaine in violation of

21 U.S.C. § 841(a)(1), conspiracy to do the same in violation of 21 U.S.C. § 846,

unlawful use of a telephone to commit a felony drug offense in violation of 21 U.S.C. § 843(b), and possession and use of a firearm during and in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Forbes raises two issues on appeal. First, he contends that his sentence is unreasonable because, when compared to the sentences imposed on his co-defendants, it is grossly and unwarrantedly disparate. Second, Forbes argues that the District Court did not adequately consider the impact of the Sentencing Guidelines' 100-to-1 differential between offenses involving crack cocaine and those involving powder cocaine. For the reasons that follow, we will affirm the sentence imposed by the District Court.

We review the overall sentence for reasonableness. United States v. Grier, 475 F.3d 556, 568 (3d Cir. 2006) (citing United States v. Booker, 543 U.S. 220, 260-63 (2005)). Forbes' argument that his sentence is unreasonable because of the gross disparity between his sentence and those of his co-defendants fails for a number of reasons. First, Forbes' sentence falls in the middle of his Guideline range. As we noted in United States v. Cooper, sentences within the Guidelines range are more likely to be reasonable than sentences outside the Guidelines range. 437 F.3d 324, 332 (3d Cir. 2006). Furthermore, while the sentencing court may consider disparities between co-defendants, it is not required to do so. See United States v. Parker, 462 F.3d 273, 276-78 (3d Cir. 2006). If it does so, there must be similarity of record and conduct. See 18 U.S.C. § 3553(a)(6). Although there certainly is difference in the sentences imposed, the

2

record demonstrates that Forbes was the organizer and leader of this violent drug-trafficking organization, which he began operating shortly after his release from prison in New York. Furthermore, the record establishes that the District Court properly considered the factors found in 18 U.S.C. § 3553(a), complying with this Court's decision in Cooper, 437 F.3d 324 (3d Cir. 2006). The District Court "gave meaningful consideration" both to the §3553(a) factors and to "sentencing grounds properly raised by the parties which have recognized legal merit and factual support." Id. at 329, 331. The District Court imposed a substantially longer sentence on Forbes because of his level of involvement in the drug conspiracy, his prior criminal record, and its careful consideration of the § 3553(a) factors. Consequently, Forbes' argument that his sentence is unreasonable fails.

Forbes next argues that the District Court did not adequately consider the impact on his sentence of the 100-to-1 sentencing differential between crack cocaine and powder cocaine in that the Court refused to vary from the advisory Guideline range. To the contrary, the record reflects that the District Court did consider the crack/cocaine differential as part of the § 3553(a) issues. After defense counsel raised the issue of the crack/cocaine ratio at sentencing, the District Court stated, "I recognize that you also wish the court to take that issue into consideration under § 3553(a), and the court will take into consideration all relevant information within the ambit of § 3553(a), as we are required to do." App. at 309. Thus, the District Court properly recognized its discretion to consider

3

the potential unfairness of the 100-to-1 ratio when weighing the § 3553(a) factors.  United States v. Ricks, 494 F.3d 394, 402-03 (3d Cir. 2007); United States v. Gunter, 462 F.3d 237 (3d Cir. 2006).  Therefore, Forbes' argument that the District Court did not adequately consider the crack/cocaine differential is without merit.

For the foregoing reasons, we will affirm the sentence imposed in the Judgment and Commitment Order of the District Court.