**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1885
_____

UNITED STATES OF AMERICA

v.

MICHAEL D. FORBES
a/k/a FATS

MICHAEL D. FORBES
                                        Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 1-03-cr-00250-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
November 7, 2016
_____

Before: McKEE, RESTREPO, Circuit Judges and HORNAK,[*] District Judge
(Filed: November 8, 2016)
_____

OPINION[**]
_____

---

[*]  Honorable Mark R. Hornak, District Judge for the United States District Court for the Western District of Pennsylvania, sitting by designation.

[**]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, Circuit Judge

Michael Forbes appeals the District Court's order denying a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) and retroactive Amendment 782 of the Sentencing Guidelines. We will affirm.

## I

In 2004, a jury convicted Forbes of distribution and possession with intent to distribute at least 500 grams of cocaine base and at least 5 grams of heroin, 21 U.S.C. § 841(a)(1); use of a communication facility to facilitate a felony drug trafficking crime, 21 U.S.C. § 843(b); using, carrying and discharging a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(iii); and conspiracy to distribute and possess with the intent to distribute crack cocaine, 21 U.S.C. § 846. The District Court sentenced Forbes to 600 months' imprisonment.

Forbes filed a direct appeal, upon which we remanded for a *Booker* resentencing. *United States v. Forbes*, 164 F. App'x 251, 254 (3d Cir. 2006) (citing *United States v. Booker*, 543 U.S. 220 (2005)). The District Court again sentenced Forbes to 600 months' imprisonment. Forbes appealed and we affirmed. *United States v. Forbes*, 258 F. App'x 417, 419 (3d Cir. 2007). Habeas corpus relief was denied. *United States v. Forbes*, No. 1-03-cr-00250-001, 2009 WL 3366498 (M.D. Pa. Oct. 19, 2009), *perm. app. denied*, No. 09-4518 (3d Cir. Mar. 25, 2010).

In 2016, Forbes filed in the District Court a motion under 18 U.S.C. § 3582(c)(2), seeking a sentencing reduction pursuant to Amendment 782 of the Sentencing Guidelines. Amendment 782 reduced by two the offense levels in Section 2D1.1 for drug

quantities that trigger a mandatory minimum sentence. U.S.S.G. Supp. App. C, Amend. 782. Amendment 782 is retroactive, subject to the limitations of Section 1B1.10, the policy statement on retroactive Guideline amendments. U.S.S.G. Supp. App. C, Amend. 788; U.S.S.G. § 1B1.10(d).[1]

In response to Forbes' Section 3582(c)(2) motion, the Government conceded that Forbes is eligible to seek a sentencing reduction under Amendment 782, but opposed any reduction. The District Court agreed that Forbes is eligible, but denied relief. This appeal followed.

## II

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision to deny a sentencing reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Thompson*, 825 F.3d 198, 203 (3d Cir. 2016).

## III

Section 3582(c)(2) is an "exception to the general rule" that a district court may not modify sentence of imprisonment. *Dillon v. United States*, 560 U.S. 817, 824 (2010). The statute permits a district court to reduce the term of imprisonment of a defendant who was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" provided that "such a reduction is consistent with

---

[1] References to U.S.S.G. § 1B1.10 refer to the 2015 edition of the Guidelines Manual. *See* U.S.S.G. § 1B1.10, cmt. n.8 (providing that "the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)").

3

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Thompson*, 825 F.3d at 200. Whether to grant a Section 3582(c)(2) reduction is a "two-step inquiry." *Dillon*, 560 U.S. at 826. First, a district court determines the defendant's eligibility under U.S.S.G. § 1B1.10. *Id.* at 827 (citing U.S.S.G. § 1B1.10(b)(1)). Second, the district court determines whether to grant a reduction, in its discretion, based upon consideration of the 18 U.S.C. § 3553(a) factors and the need for public safety. *Id.*; *see also* U.S.S.G. § 1B1.10, cmt. n.1(B)(i-ii). At step two, a district court may also consider the defendant's post-sentence conduct. U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Step one is not in dispute in Forbes' case. The parties agree and the District Court found that Forbes is eligible to seek a sentencing reduction under Amendment 782. Rather, Forbes challenges the District Court's decision at step two to deny a sentencing reduction. In this context, we have explained that a "district court is in the best position to determine the appropriate sentence" and so "we may not reverse simply because we would have imposed a different sentence." *United States v. Styer*, 573 F.3d 151, 155 (3d Cir. 2009) (citation omitted). "Rather, we must ensure the sentence, even if beyond the guideline range, is 'within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors.'" *Id.* (citation omitted).

The District Court did not abuse its discretion in denying Forbes a sentencing reduction. In making its determination, the District Court considered the relevant factors, starting with the fact that Forbes was convicted of leading a drug conspiracy, which Forbes "ruled with an iron fist." App. 9. Forbes committed many violent acts against his

4

co-conspirators and rivals, including breaking the nose of a woman who owed him drug money; threatening a drug dealer with a knife; shooting and stabbing a rival drug dealer and participating in a car chase and shootout. The District Court also took into account Forbes' extensive criminal history, which includes a conviction for manslaughter in New York. Indeed, "within weeks" of receiving parole in New York, Forbes commenced the criminal and violent acts, for which he was convicted in the instant case. App. 10. On top of this, the District Court properly considered Forbes' poor behavior while incarcerated. U.S.S.G. § 1B1.10, cmt. n.1(B)(iii). Forbes incurred three dozen disciplinary infractions from 2005 to 2013, for behavior including possessing dangerous weapons, fighting, and possessing intoxicants, tobacco and other contraband. We defer to the District Court's "reasoned appraisal" of all of these factors. *Styer*, 573 F.3d at 155 (quotation marks and citation omitted).

**IV**

For the foregoing reasons, we will affirm the judgment of the District Court.

5