NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1943
_____

UNITED STATES OF AMERICA

v.

MICHAEL D. FORBES,
a/k/a Fats,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 1-03-cr-00250-001
District Judge: The Honorable Christopher C. Conner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 8, 2021

Before: SMITH, *Chief Judge*, McKEE, and AMBRO, *Circuit Judges*

(Filed:  April 8, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge.*

This matter comes before the Court on Michael D. Forbes's appeal of the District Court's April 20, 2020 denial of his Motion for a Sentence Reduction pursuant to Section 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. We will affirm for the reasons that follow.

I.

The District Court had subject matter jurisdiction over Forbes's original offense under 18 U.S.C. § 3231 and jurisdiction to reduce Forbes's sentence under 18 U.S.C. § 3582(c)(1)(B) and Section 404(b) of the First Step Act. We have appellate jurisdiction under 28 U.S.C. § 1291.[1]

In July 2004, a jury found Forbes guilty of, *inter alia*, distribution and possession with intent to distribute crack cocaine and conspiracy to do the same. The District Court sentenced Forbes to an aggregate term of 600 months imprisonment, which this Court affirmed on appeal. *See United States v. Forbes*, 164 F. App'x 251 (3d Cir. 2006)

---

[1] In *United States v. Easter*, we addressed whether a district court must consider the § 3553(a) factors anew when exercising its discretion to reduce a defendant's sentence pursuant to a motion brought under § 404(b) of the First Step Act. *See* 975 F.3d 318, 322 (3d Cir. 2020). Noting that "the issue to be resolved is one of statutory interpretation," we employed a *de novo* standard of review. *Id.* We have not yet determined the standard for reviewing a district court's decision to deny a motion brought under the First Step Act upon consideration of § 3553(a) factors. However, several of our sister circuits have reviewed such decisions for abuse of discretion. *See United States v. Jackson*, 945 F.3d 315, 319, n.2 (5th Cir. 2019) (recognizing the similarities between § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(2)); *see also United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019) (explaining that a defendant's eligibility is reviewed de novo whereas the district court's decision to grant or deny a sentence reduction is reviewed for abuse of discretion). We need not decide that issue here because we find no error in the District Court's analysis.

(affirming conviction but remanding for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005)); *see also United States v. Forbes*, 258 F. App'x 417 (3d Cir. 2007) (affirming post-*Booker* sentence), cert. denied, 552 U.S. 1267 (2008).

In February 2016, Forbes moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the Sentencing Guidelines. The District Court denied the motion. Subsequently, Forbes moved for a sentence reduction pursuant to Section 404(b) of the First Step Act. The District Court acknowledged that Forbes was eligible for a sentence reduction under the Act, but it declined to exercise its discretion by reducing Forbes's sentence. Upon denial of this second motion, Forbes appealed.

II.

Under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), Congress increased the quantity of crack-cocaine necessary to trigger the statutory sentencing range of ten years to life. With the passage of the First Step Act, defendants who were sentenced under a statute that the Fair Sentencing Act amended became eligible to seek a sentence reduction.

Forbes's argument that the District Court failed to recalculate and give sufficient weight to his reduced advisory Guidelines range lacks merit. The District Court ruled that Forbes was eligible for a sentence reduction under Section 404 of the First Step Act, and also acknowledged the applicability of a reduced advisory Guidelines range. But the Court correctly noted that mere eligibility does not require a sentence reduction because district courts maintain discretion as to whether to grant such motions. *See* Pub. L. No. 115-391, §

3

404(b), 132 Stat. 5194, 5222 ("A court that imposed a sentence for a covered offense *may*, on motion of the defendant . . . impose a reduced sentence . . . .") (emphasis added).

The District Court then permissibly declined to exercise its discretion to reduce Forbes's sentence, noting that Forbes's criminal history, rather than the quantity of drugs he trafficked, gave impetus to his 600-month sentence. In arriving at that conclusion, the District Court considered numerous relevant factors, including that Forbes began the criminal enterprise for which he is currently incarcerated mere months after he was paroled for a manslaughter conviction; engaged in numerous violent acts while exercising control over his criminal organization; committed a litany of infractions while incarcerated; and refused to express remorse for his conduct. The mere fact that these considerations resulted in a sentence of the same length as that which was originally imposed does not mean that the District Court failed to reconsider the § 3553(a) factors. We, therefore, find no error in the District Court's discretionary determination that a sentence reduction was not warranted.[2]

We will affirm the District Court's April 20, 2020 Order.

---

[2] We also do not take issue with the District Court's declining the opportunity to reduce Forbes's effective life sentence. The District Court acknowledged that a 600-month sentence was substantial; however, in light of Forbes's serious criminal conduct, his recidivism, and continued refusal to show remorse, the Court believed Forbes continued to present a danger to the community.

4